UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| KELLY V. RAINS | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:11cv189 (JCC/IDD) |
| | ) |
| EAST COAST TOWING AND STORAGE, LLC | ) |
| | ) |
| TIMOTHY STIEGELMAN | ) |
| | ) |
| and | ) |
| | ) |
| AMY STIEGELMAN | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS AND PROPOSED VERDICT FORM**

    Defendants, East Coast Towing and Storage, LLC and Timothy Steigleman, by counsel, in accordance with this Court's Scheduling Order and Local Civil Rule 51, submit the following proposed jury instructions and proposed verdict form for the trial of this matter:

1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 1:**

This case arises under 29 U.S.C. § 207, which is a federal statute known as the Fair Labor Standards Act or the FLSA. This statute provides in relevant part as follows:

[N]o employer shall employ any of his employees who is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

The FLSA defines the terms set forth in this statute and provides a very specific definition of an "enterprise" that is "engaged in commerce" or in the "production of goods for commerce." The definitions of these terms will be provided in these instructions.

**Source of Instruction:** Modern Federal Jury Instructions-Civil Practice Instruction 85.01, Matthew Bender & Company, Inc. (2011).

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 2:**

Kelly V. Rains claims that he is entitled to coverage under the Fair Labor Standards Act for the work that he performed for East Coast Towing and the Defendants deny that he is entitled to coverage under the Fair Labor Standards Act. The only way that Kelly V. Rains can demonstrate that the Fair Labor Standards Act applied to his work at East Coast Towing is to demonstrate that East Coast Towing is an "enterprise" under the Fair Labor Standards Act. The Defendants deny that East Coast Towing is an "enterprise" under the Fair Labor Standards Act.

In order for East Coast Towing to be classified as an "enterprise" under the Fair Labor Standards Act, Kelly V. Rains must demonstrate by a preponderance of the evidence that East Coast Towing both:

> (A) (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated);

If Kelly V. Rains does not prove by a preponderance of the evidence that East Coast Towing is an "enterprise" as defined by the Fair Labor Standards Act, then your verdict must be for the Defendants.

**Source of Instruction:** 29 U.S.C. § 203 (s)(1)(A).

## DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 3:

The Plaintiff, Kelly V. Rains, claims that East Coast Towing was required to pay him overtime under the Fair Labor Standards Act and East Coast Towing denies this claim. In order for Kelly V. Rains to demonstrate that he covered by the Fair Labor Standards Act and is entitled to overtime pay under the Fair Labor Standards Act, he must prove each of the following elements by a preponderance of the evidence:

1. East Coast Towing employed him during the time period from February 23, 2009 through January 28, 2011;

2. East Coast Towing was an enterprise engaged in commerce or the production of goods for commerce as defined by the Fair Labor Standards Act;

3. East Coast Towing had an annual gross volume of sales made or business done of at least $500,000;

4. Kelly V. Rains worked more than forty hours each week during any week where he claims to be entitled to overtime compensation; and

5. East Coast Towing failed to pay Kelly V. Rains the overtime pay required by law.

You must determine whether Kelly V. Rains has proved by a preponderance of the evidence each of these essential elements. If Kelly V. Rains has failed to prove even one of these essential elements, then your verdict must be for the Defendants.

**Source of Instruction:** Pattern Jury Instructions, 5th Cir. 11.1 (2004). For a similar instruction, *See* Pattern Jury Instructions, Federal Claims Instruction, No. 9.1 (11th Cir., 1990 ed.).

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 4:**

Kelly V. Rains has the burden of proof in this case, meaning that he has the burden of proving each element of his claim by a preponderance of the evidence. If Mr. Rains fails to prove each element of his case by a preponderance of the evidence, then your verdict must be for the Defendants in this case.

**Source of Instruction**: *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir. 1986).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 5:**

The Fair Labor Standards Act defines the term "commerce" as the "transportation, transmission or communication among the several states."

The Fair Labor Standards Act defines the terms "engaged in the production of goods" as a business that produced, manufactured, mined, handled, transported, or in any manner worked on such goods or worked in any closely related process or occupation directly essential to the production of the goods.

**Source of Instruction:** Pattern Jury Instructions, 5th Cir. 11.1 (2004). For a similar instruction, see Pattern Jury Instructions, Federal Claims Instruction, No. 9.1 (11th Cir., 1990 ed.). 29 U.S.C. § 203(b); *See Wirtz v. Wardlaw*, 339 F.2d 785, 787 (4th Cir. 1964).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 6:**

If you find that Kelly V. Rains has proved that he is entitled to coverage under the Fair Labor Standards Act and that East Coast Towing is liable to him for unpaid overtime, then you must determine what amount of money he is owed. The measure of damages is the difference between the amount of money you find that Kelly V. Rains should have been paid under the minimum overtime laws and the amount you find that East Coast Towing actually paid Kelly V. Rains.

**Source of Instruction:**

*Shea v. Galaxie Lumber & Construction, Ltd.,* 152 F.3d 729 (7th Cir. 1998); Eleventh Circuit Pattern Civil Jury Instructions, Claim Instruction 1.7.1; Section 16(b) of the Fair Labor Standards Act.

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 7**:

If you find by a preponderance of the credible evidence that Kelly V. Rains is entitled to recover pay for unpaid overtime, you may only calculate the unpaid overtime amount from February 23, 2009 until the last date that Kelly V. Rains has proven by a preponderance of the evidence that he worked for East Coast Towing.

**Source of Authority:**

*United States Supreme Court: McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988).

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 8:**

To calculate the overtime pay (if any) due the Plaintiff, take the regular rate you that you calculated for Kelly V. Rains or the minimum hourly wage, whichever is higher, divide that by 2, and multiply that number times the number of hours the employee worked that week in excess of 40 hours. (For example, in the example I just gave you, if the regular rate was $6 and that was higher than the minimum wage at the time, then divide $6 by two and multiply the result, $3, times 10 hours for a total due of $30).

**Source of Authority:**

*Amador v. Guardian Installed Services, Inc.,* 575 F. Supp. 2d 924 (N.D. Ill. 2008); *Gunter v. Rudder Capital Corp*, 2010 U.S. Dist. LEXIS 109710 (D. Minn. Oct. 14, 2010);.*Kornexl v. Bailey*, 2006 U.S. Dist. LEXIS 32754 (M.D. Fla. May 24, 2006)

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9:**

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

**Source of Authority**:  4-76 Modern Federal Jury Instructions—Civil ¶ 76.01, Instr. 76-3 (Matthew Bender).

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10:**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement, which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose--such as for the purpose of assessing a witness' credibility--you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

**Source of Authority:**  4-76 Modern Federal Jury Instructions—Civil ¶ 74.01, Instr. 74-1 (Matthew Bender).

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 11:**

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Source of Authority:**  Fifth Circuit Model Jury Instruction Number 2.18

**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 12:**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something that was different from the testimony he gave at the trial.

**Source of Authority:**  Fifth Circuit Model Jury Instruction Number 2.16

## **DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 13:**

In this case, the Plaintiff must prove every essential part of his claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

**Source of Authority**: Fifth Circuit Model Jury Instruction Number 2.20

**DEFENDANTS' PROPOSED JURY INSTRUCTION NUMBER 14:**

The Plaintiff has the burden of proving by a preponderance of the evidence that Timothy Steigleman was an "Employer" of the Plaintiff as defined by the Fair Labor Standards Act. Under the Fair Labor Standards Act, an "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee.

**Source of Authority:** 29 U.S.C. §§ 203(d)

## **DEFENDANTS' PROPOSED VERDICT FORM:**

Has the Plaintiff met his burden of proof and demonstrated by a preponderance of the evidence the following:

1. That East Coast Towing employed the Plaintiff during the time period from February 23, 2009 through January 28, 2011?

    ____Yes    ____No  (Check one box or the other)

2. That East Coast Towing was engaged in commerce or the production of goods for commerce as defined by the Fair Labor Standards Act?

    ____Yes    ____No  (Check one box or the other)

3. That East Coast Towing had an annual gross volume of sales made or business done of at least $500,000?

    ____Yes    ____No  (Check one box or the other)

**If you answered "no" to questions 1, 2, or 3, do not proceed to the next question.**

4. That Timothy Steigleman was an "employer" of the Plaintiff as defined by the Fair Labor Standards Act.

    ____Yes    ____No  (Check one box or the other)

5. That Kelly V. Rains worked more than forty hours each week during any week where he claims to be entitled to overtime compensation?

    ____Yes    ____No  (Check one box or the other)

6. That East Coast Towing failed to pay Kelly V. Rains the overtime pay required by law.

____Yes    ____No  (Check one box or the other)

7. That the Plaintiff should be awarded _____ as the Plaintiff's

damages.

The Jury by its Foreperson:

_____
Signature of Foreperson

EAST COAST TOWING AND STORAGE, LLC
TIMOTHY STEIGLEMAN

By Counsel
WEBSTER BOOK LLP


By:_____/s/_____
   Brian C. Athey
   Virginia State Bar Number 66515
   Attorney for the Defendants
   Webster Book, LLP
   300 North Washington Street
   Suite 404
   Alexandria, Virginia 22314
   Phone: 703-304-7904
   Facsimile: (888) 987-9991
   bathey@websterbook.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of September, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Paul A. Prados
Day& Johns, PLLC
10560 Main Street, Suite 218
Fairfax, Virginia 22030
pprados@dayjohns.com


_____/s/_____
Brian C. Athey
Virginia State Bar Number 66515
Attorney for the Defendants
Webster Book, LLP
300 North Washington Street
Suite 404
Alexandria, Virginia 22314
Phone: 703-304-7904
Facsimile: (888) 987-9991
bathey@websterbook.com